In the Matter of ANGELO SAGOS, Respondent, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Appellants.

Argued May 29, 1950; decided July 11, 1950.

*Alvin McKinley Sylvester* and *Jack Reinstein* for appellants. Since there were substantial competent facts to establish a violation of the law, the State Liquor Authority had exclusive jurisdiction to determine the extent of the punishment to be imposed. Accordingly, the Appellate Division erred in annulling the determination because it believed that the punishment was unduly severe. Such usurpation of a purely administrative prerogative constitutes a dangerous departure from established principles and a serious threat to proper enforcement of the law. (*People ex rel. Masterson* v. *French,* 110 N. Y. 494; *People ex rel. Morrissey* v. *Waldo,* 212 N. Y. 174; *Matter of Restaurants Longchamps* v. *O'Connell,* 271 App. Div. 641, 296 N. Y. 239; *Matter of Corporate Employment Service* v. *Moss,* 263 App. Div. 14, 287 N. Y. 794; *People ex rel. O'Callahan* v. *French,* 123 N. Y. 636; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *Swayne & Hoyt,*

*Ltd.*, v. *United States*, 300 U. S. 297; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Federal Communications Comm.* v. *WOKO, Inc.*, 329 U. S. 223.)

*Clarence Siegel* and *George S. Goldberg* for respondent. Neither the licensee nor his agent attached the keg of beer. They had no knowledge or reason to believe that there was an improper connection. Licensee neither benefited nor stood to benefit in any way from an erroneously connected tap. No one was in any way damaged or injured. There was an inadvertent, isolated, improper tapping by one not an agent. Assuming that a technical violation occurred, the determination of the State Liquor Authority in suspending petitioner's license for twenty days and requiring that its order of suspension be publicly displayed was arbitrary and unconscionable and, therefore, should be annulled. (*People* v. *Miles*, 173 App. Div. 179; *People* v. *Collins*, 271 App. Div. 511; *People* v. *Byrne*, 112 Misc. 377; *People* v. *Shaffer*, 173 App. Div. 177; *Matter of Monk* v. *Finkelstein*, 194 Misc. 241; *Matter of Marburg* v. *Cole*, 286 N. Y. 202; *Matter of Strauss* v. *Hannig*, 170 Misc. 371; *Dobson* v. *Commissioner of Internal Revenue*, 320 U. S. 489; *Interstate Commerce Comm.* v. *Louisville & Nashville R. R. Co.*, 227 U. S. 88; *Matter of Ogden* v. *Du Mond*, 273 App. Div. 582; *Matter of Schwab* v. *McElligott*, 282 N. Y. 182.)

*Per Curiam.* We read the order of the Appellate Division herein — which refers to that court's opinion (Civ. Prac. Act, § 607) and annuls the determination of the State Liquor Authority — as upholding the finding by the Authority that the respondent violated subdivision 4-a of section 106 of the Alcoholic Beverage Control Law and that the annulment of the Authority's determination directed by such order rests upon the sole ground that the punishment imposed by the Authority was excessive. Upon that single ground the Appellate Division has annulled that determination on the law and has remitted the proceeding to the Authority "for further action and reconsideration of *the extent of the punishment imposed herein*". (Emphasis supplied.)

The suspension of a liquor license is one of that type of action by the Authority which is subject to review by the Supreme Court but such review must be in the manner provided by article 78 of the Civil Practice Act. (Alcoholic Bever-

age Control Law, § 121, subd. 4). Under section 1296 of article 78 we find no provision for the judicial review of the measure of punishment imposed as an incident to disciplinary action ordered by an administrative board such as the Authority where, as in the present case, the Appellate Division has upheld a finding by the Authority of a statutory violation which is made the sole basis for such punishment. (See *People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174, 177–179.)

Accordingly the order should be reversed and the determination of the State Liquor Authority confirmed, with costs in this court and in the Appellate Division.

Appeal taken as of right dismissed on the ground that the order does not finally determine the proceeding within the meaning of the Constitution.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur; FROESSEL, J., concurs in result.

Ordered accordingly.